REQUESTED BY: William E. Peters, State Tax Commissioner, Department of Revenue.
Does the homestead exemption granted by section77-202.13, R.R.S. 1943, to veterans who are totally disabled by a nonmilitary accident or illness apply to ex-servicemen who have not served on active duty during the dates enumerated in section 80-401.01, R.R.S. 1943?
No.
Section 77-202.13 gives three different homestead exemptions to veterans and their widows. It gives a ninety percent exemption to any veteran, as defined in section401.01, drawing compensation from the Veteran's Administration, who is not eligible for total exemption under sections 77-202.08 to 77-202.10. It gives the same exemption to the widow of such a veteran, or the widow of serviceman who died on active duty during the dates described in section 80-401.01.
This section also increases the regular homestead exemption for such a veteran or his unremarried widow for the year in which he reaches 70 years of age and for each subsequent year.
The third provision, which is the one we are concerned with, deals with the exemption for low-income, over 65 year-old applicants, and provides, `this exemption shall also apply to veterans who are totally disabled by a nonmilitary accident or illness.' This provision makes no reference to section 80-401.01, and the question is whether or not it applies.
Section 80-401.01 defines veterans of the Spanish-American War, World War I, World War II, the Korean War, and the Vietnam War. To qualify as a veteran of these wars, the person must have served on active duty in the armed forces of the United States or its allies during certain specified dates, and have received an honorable discharge, or its equivalent.
The word `veteran' has a rather broad meaning, and could be construed to mean any person who has served in the armed forces. For example, the Legislature in section71-1537, for different purposes defined a veteran as any person who had served in the armed forces and received a discharge other than dishonorable. However, Webster's New World Dictionary gives this `any person who has served in the armed forces of a country, especially in time of war.'
An argument can certainly be made that, since in some parts of the statute in question the Legislature spoke of `any veteran, as defined in section 80-401.01,' and in the provision we are concerned with left off the qualifying phrase, a different class was described, and that service during time of war was not required.
However, we are not convinced that this was the legislative intent. The provision we are concerned with came into the statute by an amendment in 1972, at a different time from the other provisions dealing with veterans. Under those circumstances, it is more probable that inconsistent language can creep into a statute without any intent that a difference in meaning be given the language.
We are particularly inclined to hold that `veteran' should be interpreted to mean one who had served as provided in section 80-401.01, because we have great difficulty in seeing why any difference would be intended by the Legislature. Why two of the three types of homestead exemption would be given only to veterans who served in time of war, and the third to any ex-serviceman escapes us. You will note that this section gives one of the exemptions to the unremarried widow of a serviceman who died while on active duty, but the death must have occurred during the dates described in section 80-401.01.
We therefore conclude that throughout section77-202.13, the Legislature used the word `veteran' to mean one who had served during the periods specified in80-401.01, and that no significance should be attached to its failure to repeat the statutory reference each time the word was used. Had the Legislature intended to give the exemption in question to any person who had served in the armed forces, it might more appropriately have used the term, `ex-serviceman.'